UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HENRY RIESE,<br><br>Defendant. | 5:22-CR-50136-MEP<br><br>ORDER DENYING MOTION FOR FOIA (FREEDOM OF INFORMATION ACT) |

William Riese filed a *pro se* motion titled "Motion for FOIA (Freedom of Information)" requesting "Enforcement procedures, Agent Manuals, Tactics and Sting Procedures, Investigative technique and procedure, quotes, and secret law" from "South Dakota ICAC Task Force, Homeland Security, South Dakota Division of Investigations, Rapid City Police Department, and United Sates Air Force and Pennington County Sheriff's Department and Federal Bureau of Investigations." Docket 102. He also "respectfully ask[s] the court to include all communications made between all agents and agencies through: email, text messaging, phone calls and all personal meetings to be included. From the dates: August 7, 2022, to August 10, 2022." Id.

1. **The Freedom of Information Act (FOIA)**

The United States district courts are vested with exclusive original jurisdiction over FOIA cases by section (a)(4)(B) of the Act. 5 U.S.C.

§ 552(a)(4)(B) (2018).  5 U.S.C. § 552(a)(4)(B) (2018) states:  "On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  Id.  Section (a)(4)(B) of the Act requires a requester to file a FOIA complaint in a separate civil action in order to confer jurisdiction.  See United States v. Barnett, No. 09-67, 2014 U.S. Dist. LEXIS 63616, at *1-2 (E.D. Ky. May 8, 2014) (finding defendant "improperly demands relief regarding his FOIA requests in this criminal case" and "if appropriate, he may seek relief only by filing a civil complaint in the appropriate district court"); United States v. Whitfield, No. 18-5718, 2019 U.S. App. LEXIS 578, at *6 (6th Cir. Jan. 8, 2019) ("Based on the plain language of § 552(a)(4)(B) and the foregoing persuasive authority, we find that a party must file a complaint in a separate civil action [rather than in a closed criminal case] in order to challenge an adverse FOIA determination.").

   Reise failed to file a FOIA complaint in a separate civil action in order to confer jurisdiction.  Because Riese improperly demanded relief under FOIA in his criminal case, instead of filing a complaint in a separate civil action, his motion is denied.

   **2. FRCP 16(a)(1)(E) and Brady**

   Courts have broad discretion to resolve discovery motions.  United States v. Hintzman, 806 F.2d 840, 846 (8th Cir. 1986).  A court's decision regarding a motion to compel discovery is proper if, considering the circumstances, the

decision is not "a gross abuse of discretion resulting in fundamental unfairness at trial." Id. (internal quotation omitted).

Federal Rule of Criminal Procedure (FRCP) 16(a)(1)(E) requires the Government to "permit the defendant to inspect and to copy or photograph . . . papers, documents . . . or tangible objects . . . if the item is within the Government's possession, custody, or control **and** the item is material to preparing the defense." FRCP 16(a)(1)(E) (emphasis added). A defendant who requests documents, believing them to be material to his defense, must "make a prima facie showing of materiality." United States v. Tornquist, 11-50118, 2012 WL 2862864, *3 (D.S.D. July 11, 2012) (citations omitted). "Evidence is material under Rule 16 if there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation . . . assisting impeachment or rebuttal." Id. (citation omitted). Evidence is material if it enables a defendant to significantly alter the quantum of proof in his favor. FRCP 2 provides that "[t]hese rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."

The prosecution has a duty under the Due Process Clause to disclose such evidence even if the defendant makes no request for it. Under Brady, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

3

Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Garreau, 558 F.Supp.3d 794 (D.S.D. Sept. 3, 2021).  This rule includes impeachment and exculpatory evidence.  Giglio v. United States, 405 U.S. 150, 154 (1972).

Riese's requests "all communications made between all agents and agencies through [] email, text messaging, phone calls and all personal meetings to be included [] From the dates: August 7, 2022, to August 10, 2022." Docket 102.  The court finds that Riese has not shown that the documents requested are material to preparing his defense, as required by FRCP 16(a)(1)(E).  Riese fails to show how the requested information would "play an important role in uncovering admissible evidence, aiding witness preparation . . . or assisting impeachment or rebuttal." Tornquist, 2012 WL 2862864 at *3 (citing Graham, 83 F.3d at 1474).  Riese's bare assertion failed to "make a prima facie showing of materiality;" therefore, his motion is denied.

### NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 11th day of April, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge

4