UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HENRY RIESE,<br><br>Defendant. | 5:22-CR-50136-MEP<br><br>ORDER DENYING MOTION FOR A COMPETENCY HEARING (DOC. 103) |

William Riese filed a *pro se* motion titled "Motion for Competency Hearing)" requesting "a competency hearing based on [his] mental health; state of mind; function of thought process; irrational thinking & behavior; and deteriating [sic] idea of properly making choices." Docket 103.

Congress designated the district court as the gatekeeper on competency issues. 18 U.S.C. § 4241(a). Congress authorizes a competency hearing when "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. The Eighth Circuit has noted that the "[p]resence of a mental illness does not equate with incompetency to stand trial." U.S. v. Cook, 356 F.3d 913 (8th Cir. 2004) (citation omitted).

1

The court has had eight opportunities to observe Mr. Riese by interacting with him during court proceedings on April 11, 2024, April 1, 2024, January 11, 2024, December 16, 2022, December 19, 2022, August 22, 2022, and August 12, 2022.  Dockets 5, 17, 42, 44, 90, 110, 111, 114.  In addition to the discussion on the record, the court finds that Mr. Riese's logical reasoning in his motions provide further justification that a competency evaluation is not warranted.  During the April 11, 2024, hearing, Mr. Riese clearly articulated alternative theories of defense and described various types of evidence he wished to obtain to support his defenses.  While Mr. Riese articulated potential mental health conditions he may have and his desire for mental health treatment, it is clear from interacting with Mr. Riese that he is able to understand the nature and consequences of the proceedings against him and he is actively engaged in preparing his defense.  Based on the court's interactions with Mr. Riese and the record as a whole, the court finds that Mr. Riese request for a competency evaluation and/or hearing is not necessary at this time.

For the reasons stated on the record during the April 11, 2024, hearing, the court finds there is not "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him to assist properly in his defense." 18 U.S.C. § 4241.  Therefore, Mr. Riese's motion for a competency hearing is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 15th day of April, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge