UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HENRY RIESE,<br><br>Defendant. | 5:22-CR-50136-KES<br><br><br>ORDER ON DEFENDANT'S MOTIONS<br>(DOCS. 122, 123, 124, 125, 126) |

William Riese filed a series of *pro se* motions. (Docs. 122, 123, 124, 125, and 126). The United States responded in opposition to some of the motions. The court will address each motion in separate sections of this order.

**Docket 122- Motion for copies of correspondence of prior attorneys**

Riese "asks the court to respond to [his] motion to subpoena all emails and text messages communicated back and forth from the united States Attourneys [sic] Office; Prosecution; Government and all prior 3 of [his] lawyers[.]" (Doc. 122). This request is denied as moot because the court addressed Riese's request at Docket 112. Specifically, the court found as follows:

> Riese's requests "all communications made between all agents and agencies through [] email, text messaging, phone calls and all personal meetings to be included [] From the dates: August 7, 2022, to August 10, 2022." Docket 102. The court finds that Riese has not shown that the documents requested are material to preparing his defense, as required by FRCP 16(a)(1)(E). Riese fails

1

> to show how the requested information would "play an important role in uncovering admissible evidence, aiding witness preparation . . . or assisting impeachment or rebuttal." Tornquist, 2012 WL 2862864 at *3 (citing Graham, 83 F.3d at 1474). Riese's bare assertion failed to "make a prima facie showing of materiality;" therefore, his motion is denied.

Doc. 112 at p. 4. The court's previous finding is reiterated herein and is the basis for denying Riese's request at Docket 122.

**Docket 123- Motion for documents to not be provided to standby counsel**

In a letter address to the district court judge, Riese requests documents in his case to be directly sent to him and that nothing is forwarded to John R. Murphy. (Doc. 123). The court denies Mr. Riese's request for the same reasons and legal authorities set forth in Dockets 92 and 109.

**Docket 124- Motion for copies of pleadings**

Riese filed a motion requesting that the following documents be provided to him: Documents 4, 13, 15, 16, 90, 93, 94, 96, 97, 100, 101, 102, 103, 104, 105, 106, 43, 45, 47, 51, 52, 54, 61, 80, and 84. (Doc. 124 at p. 1). Riese also asserts that page ID # are missing from a number of documents. Stand by counsel John Murphy responded to Riese's motion providing clarification regarding what documents have been provided to Riese. (Doc. 128). Good cause appearing, the clerk is directed to mail to Riese copies of the following docket entries: 96, 97, 100, 101, 102, 103, 104, 105, and 106. The clerk is further ordered to provide copies of the following text orders: dockets 93 and 94. It is further ordered that Mr. Murphy should provide all *pro se* pleadings filed by Mr. Riese after April 10, 2024, and continuing thereafter.

**Docket 125- Motion for Facebook records of "UC Persona Bree"**

Riese requests the " 'UC' Persona Bree Facebook (META) records, documents and data. (Doc. 125). The United States filed an objection to the motion. (Doc. 132). The government opposes the motion for three reasons: 1) Riese failed to comply with Local Rule 47.1 and 16.1 which requires a certification from the moving party that he attempted to resolve the discovery dispute in good faith; 2) the government has already provided all relevant Facebook data; and 3) the government is not obligated to produce the materials under Brady or Giglio. Id.

Courts have broad discretion to resolve discovery motions. United States v. Hintzman, 806 F.2d 840, 846 (8th Cir. 1986). A court's decision regarding a motion to compel discovery is proper if, considering the circumstances, the decision is not "a gross abuse of discretion resulting in fundamental unfairness at trial." Id. (internal quotation omitted).

Federal Rule of Criminal Procedure (FRCP) 16(a)(1)(E) requires the Government to "permit the defendant to inspect and to copy or photograph . . . papers, documents . . . or tangible objects . . . if the item is within the Government's possession, custody, or control and the item is material to preparing the defense." FRCP 16(a)(1)(E) (emphasis added). A defendant who requests documents, believing them to be material to his defense, must "make a prima facie showing of materiality." United States v. Tornquist, 11-50118, 2012 WL 2862864, *3 (D.S.D. July 11, 2012) (citations omitted). "Evidence is material under Rule 16 if there is a strong indication that it will play an

important role in uncovering admissible evidence, aiding witness preparation . . . assisting impeachment or rebuttal." Id. (citation omitted).  Evidence is material if it enables a defendant to significantly alter the quantum of proof in his favor.  FRCP 2 provides that "[t]hese rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."  The prosecution has a duty under the Due Process Clause to disclose such evidence even if the defendant makes no request for it.  Under Brady, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Garreau, 558 F.Supp.3d 794 (D.S.D. Sept. 3, 2021).  This rule includes impeachment and exculpatory evidence.  Giglio v. United States, 405 U.S. 150, 154 (1972).

In its response in opposition to the motion, the government described the timing and descriptions of the materials provided to the defendant. Specifically, the government stated:

> The United States produced Facebook discovery to the defendant's first attorney on a rolling basis, between August 24, 2022, and November 16, 2022. The United States produced the entire discoverable file to the defendant's second attorney on February 1, 2023, for a second time on June 2, 2023, and for a third time at the end of December 2023. The United States produced all discovery to the defendant's third attorney on January 16, 2024. The Facebook-specific discovery received by the defendant includes more than 5,000 pages of content from the defendant's Facebook account; all relevant search warrant applications, affidavits, and warrants; the Facebook account preservation request and

4

> Facebook's confirmation of preservation of the defendant's Facebook account; all communications sent between the defendant's Facebook account and the Facebook account of "Bree," the undercover persona; photos of the undercover persona from the undercover persona's Facebook account; and all images (7) and videos (2) sent by the defendant to the undercover persona. There is no additional relevant data in the government's control or possession that is exculpatory and material to guilt or punishment. The United States has fully complied with its discovery obligations in this case.

Docket 132 at p. 2. Standby counsel John Murphy requested a modification of the court's standard discovery order, so that he be allowed to provide Riese with copies of all Facebook materials produced by the government directly to Mr. Riese. (Doc. 121). The court granted the request. (Doc. 129).

To the extent that Riese seeks discovery of Facebook records of all communications sent between the defendant's Facebook account and the Facebook account of "Bree," the undercover persona; photos of the undercover persona from the undercover persona's Facebook account; and all images (7) and videos (2) sent by the defendant to the undercover persona, the request is denied as moot because those materials have already been produced.

To the extent that Riese seeks Facebook records regarding the undercover persona of "Bree" which are not associated with Riese, the motion is denied. Riese has not shown that the additional documents requested are material to preparing his defense, as required by FRCP 16(a)(1)(E). Riese fails to show how the requested information would "play an important role in uncovering admissible evidence, aiding witness preparation . . . or assisting impeachment or rebuttal." Tornquist, 2012 WL 2862864 at *3 (citing Graham,

5

83 F.3d at 1474). Riese's bare assertion that he plans on gathering as much information involved with this case to build and prepare a defense, fails to "make a prima facie showing of materiality;" therefore, his motion is denied.

**Docket 126- Motion for Grand Jury Transcripts**

Riese filed a motion which states that he requests, "my grand jury transcripts that brought fourth [sic] my indictment." (Doc. 126). The United States filed a response in objection to the motion. (Doc. 130).

Federal Rule of Criminal Procedure (FRCP) 6(e)(3)(E)(ii) allows for disclosure of grand jury transcripts by the court "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Grand jury transcripts are "generally not discoverable on pretrial motion." United States v. Pelton, 578 F.2d 701, 709 (8th Cir. 1978). A defendant must make a showing of "particularized need" for the transcripts. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). A bare allegation, "does not satisfy the 'particularized need' requirement." Id. (quoting United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994)).

Riese has not made a particularized assertion that a "matter [] occurred before the grand jury[,]" as required by FRCP 6(e)(3)(E)(ii). Because Riese failed to establish a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury, his motion for grand jury transcripts is denied.

6

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CRIM. P. 58(g)(2); 59(a).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  FED. R. CRIM. P. 59(a).  Objections must be timely and specific in order to require review by the district court.

DATED this 25th day of April, 2024.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge