UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HENRY RIESE,<br><br>Defendant. | 5:22-CR-50136-KES<br><br>REPORTS AND RECOMMENDATIONS AND ORDERS ON DEFENDANT'S MOTIONS (DOCS. 135, 136, 137, 138, 141, 143, and 144) |

Defendant William Riese filed a series of *pro se* motions. (Docs. 135, 136, 137, 138, 141, 143, and 144). The court will address each motion below.

### A. Report and Recommendation as to Riese's motion for factual evidence to support interstate commerce (Docket 135)

Riese "[r]espectfully ask[s] the Court to order the Government to provide Factual Evidence to support interstate Commerce. . . . Hollie Strand[']s opinion doesn't give the Government permission to charge United States Citizens with Federal Crimes. If the Government cannot provide these reports of interstate commerce the defendant ask[s] the court to dismiss all counts of this indictment." (Doc. 135). The United States asserts Riese's motion should be denied because "[t]he United States has fully complied with its expert witness disclosure obligations under Federal Rule of Criminal Procedure [FRCP] 16(a)(1)(G)." (Doc. 164, p. 3).

1

The United States produced a notice of expert witness regarding Hollie Strand on October 3, 2022. (Doc. 25). The United States outlined the substance of Strand's prospective testimony relating to various ways the United States will prove the interstate commerce elements of the offenses charged in Counts 1-4 of the Superseding Indictment. Id. The notice provided Riese with Strand's extensive curriculum vita, which sets forth her professional history, trainings, and experience in the field of computer forensics. (Doc. 25-1).

FRCP 16 requires only that "the government must give the defendant a written summary of any testimony that the government intends to use under Rule[ ] 702 . . . of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). "The summary provided . . . must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id.

The court finds that the United States has fully complied with the requirements of FRCP 16(a)(1)(G) regarding Hollie Strand's proposed expert testimony. Defendants' objection to the contrary is overruled.

Further, the United States need not produce evidence of the elements in the indictment prior to trial for the Indictment to be sufficient. "An indictment is legally sufficient on its face if it contains all of the elements of the offense, fairly informs the defendant of the charges against which [they] must defend, and alleges sufficient information to allow a defendant" to exercise their Fifth Amendment double jeopardy rights. United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001). "An indictment will ordinally be held sufficient unless it is

so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993).

The Superseding Indictment here complies with FRCP 7(c)(1).  Riese argues the Indictment is insufficient to support interstate commerce.  (Doc. 125, p. 1).  Each count of the Superseding Indictment provides a sufficient interstate commerce nexus.  (Doc. 36).  Because the Superseding Indictment contains all of the elements of the offense, fairly informs Riese of the charges against which he must defend, and alleges sufficient information to allow a Riese to exercise his Fifth Amendment double jeopardy rights, it is the recommendation of this court that Riese's motion (Doc. 135) be denied.

### B. Order Denying as Moot Motion Regarding Cellphone Data (Docket 136)

On April 24, 2024, Riese submitted a motion "[r]espectfully ask[ing] the Court to order Tracfone Wireless to submit all data from: phone calls, text messages, pinged locations and usages and locations of cell towers and hubs used from August 1, 2022 to August 31, 2022 from the defendants cell number that was registered with Straight talk under Tracfone Wireless. . . . The defendant is also asking the Court to order that Tracfone Wireless provide any information regarding the Federal Government or any States Agencies requesting or phone bugging the above cell number associated with William Riese.  As well as any of the defendant[']s information that was given out by Tracfone Wireless." (Doc. 136).

On May 1, 2024, a hearing was held regarding Riese's request. (Doc. 148). At the hearing, the United States explained that, despite the court issuing a search warrant of Riese's phone, its agents have been unable to extract the contents of Riese's cellular phone, which was seized from him upon his August 10, 2022, arrest. See 5:22-mj-180-DW and 5:22-mj-153-DW (Showing the issuance of the search warrants). The phone is passcode protected, and the United States does not have the passcode. The United States also expressed doubt that Tracfone Wireless would retain the data that Riese is seeking.

At the hearing, Riese explained he does not specifically recall the passcode and would have to guess what it is. The parties then discussed with the Court whether it would be appropriate to ship the cellular phone itself to an expert of the defendant's choosing in order to attempt to unlock the cellular phone. A plan was established to have Riese's expert witness present himself to the ICAC office in Sioux Falls, South Dakota. There, the defense expert would attempt to unlock Riese's device, using the suggested passcodes provided to the expert by Riese. In the event the cellular phone is successfully unlocked, an agent of ICAC would then extract the data from the phone, in accordance with either Riese's consent, or a renewed search warrant. The overseeing ICAC agent and the defense expert would ensure that both parties are working with an exact, hash-matched copy of the digital evidence contained on Riese's phone. The court directed both parties to present the court with

proposed orders with language to accomplish this objective. Neither party did so.

Instead, Riese filed a pleading advising that he no longer agreed to this course of action. (Doc. 157). Now, Riese states neither "[t]he Government nor John R. Murphy has [his] consent to run [his] cell phone by any other Forensic experts to extract data." (Doc. 157, p. 1).[1]

The court notes that it has previously found probable cause for the government to conduct a search on the phone and obtain evidence consistent with the parameters set forth in 5:22-mj-180-DW and 5:22-mj-153-DW. Both the United States and Riese are equally entitled to whatever data is obtainable from Tracfone Wireless within the parameters of the search warrant. If either Riese or the United States seeks to have Tracfone Wireless produce records from Riese's phone, the party seeking that information is ordered to present a proposed order and/or search warrant to the court.

**C. Order Denying Motion for Body Camera Footage (Docket 137)**

Riese "[r]espectfully ask[s] the Court to order that all video and sound of the body cams on all the officers and agents involved in arounds the defendant[']s take down August 10, 2022." (Doc. 137). The United States asserts Riese's motion should be denied because he "fail[ed] to comply with D.S.D. Local Rules 47.1 and 16.1" and "[t]he single body camera video relating to the defendant's arrest has already been produced." (Doc. 163, p. 1).

---

[1] Riese's remaining allegations made in Docket 157 will be addressed in a separate order.

The court finds that Riese's motion should be denied for two reasons. First, because the United States represents that only one video recorded Riese's arrest and Riese has been provided[2] that video, Riese's motion is denied as moot. Second, Riese failed to comply with D.S.D. Local Rules by not filing a certification that he has attempted to resolve the discovery dispute in good faith. Thus, Riese's motion for body camera footage (Doc. 137) is denied.

### D. Order Denying Motion for Discovery Regarding Law Enforcement Operations (Docket 138)

Riese "[r]espectfully ask[s] the Court to order the agencies stated in the defendant[']s discovery to provide the defendant with all information regarding how the Sturgis Rally Sex Stings are conducted from prosedures [sic] to how many stings are needed to meet quotas set by the agencies participating in these take downs." (Doc. 138).

The United States argues Riese's motion for the issuance of a subpoena should be denied because (1) he "has not made the requisite factual showings of relevance and evidentiary value required under <u>United States v. Nixon</u>[;]" (2) "Rule 17(c) is not a discovery mechanism by which the defendant is permitted to obtain impeachment material for his defense[;]" (3) "internal law enforcement agency records are privileged and not subject to discovery[;]" and (4) "neither Brady nor Crawford demands the production of the documents[.]" (Doc. 162, p. 8).

---

[2] If Riese has not been provided the video, Riese or John Murphy should advise the court accordingly.

FRCP 16 governs discovery of information in criminal cases but has no provision for the issuance of subpoenas; but, FRCP 17(c) does. The latter rule was not intended to give criminal defendants a means of discovery but rather "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." United States v. Blue, 340 F.Supp.3d 862, 869 (D.S.D. 2018) (quoting United States v. Nixon, 418 U.S. 683, 698-99 (1974)); see also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest of terms."). A party seeking information under FRCP 17(c) must show that the information is relevant, admissible, and specific. Nixon, 418 U.S. at 700; see United States v. Bradford, 806 F.3d 1151, 1155 (8th Cir. 2015) (citing United States v. Stevenson, 727 F.3d 826, 831 (8th Cir. 2013) ("The relevance and specificity elements require more than the title of a document and conjecture as to its contents, and a subpoena should not issue based upon a party's mere hope that it will turn up favorable evidence."). The party must also show that the information is "not otherwise procurable reasonably in advance of trial by the exercise of due diligence," that "the party cannot properly prepare for trial without such production," and that "the application is made in good faith and is not intended as a general 'fishing expedition.' " Id. at 699-700. These same precepts apply to criminal subpoenas issues to third parties. See Blue, 340 F.Supp.3d at 870 (citing cases).

A court in this district has held that FRCP 17(c) does not allow a defendant to acquire all the records an organization has for the alleged victims, without any limits on the time frame or the type of documents sought, as "[s]uch broad requests smack of a fishing expedition[.]"  United States v. Blue, 340 F.Supp.3d 862 (D.S.D. Sept. 14, 2018) (citing United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002) ("Courts have held that requests for an entire file are evidence of an impermissible fishing expedition.")).

The court notes that during previous hearing, the parties and the court discussed a potential defense raised by Riese.  The government advised that Riese's entrapment defense was rejected by the district court during the December 16, 2022, pretrial conference.  This is not accurate.  During the December 16, 2022, pretrial conference Riese's former attorney advised the court that she would not pursue an entrapment defense because she did not believe that she had a legal basis to do so.  The court did not issue a ruling on the merits of an entrapment defense.  If Riese wishes to purse this defense at trial, he may submit proposed jury instructions and seek a ruling from the court.

However, even if Riese seeks to pursue an entrapment defense, he is not entitled to the discovery materials he seeks.  Riese's request for "information regarding how the Sturgis Rally Sex Stings are conducted" is overbroad.  Compliance with a subpoena of this magnitude would be unreasonable and oppressive.  Blue, 340 F.Supp.3d at 870 (court may quash a subpoena if compliance would be unreasonable or oppressive).  Further, Riese has not

shown that: (1) the information sought is relevant, admissible, and specific; (2) the information cannot be obtained without a subpoena; (3) the information is material and may even be exculpatory; and (4) his request is a good faith one and is not based on a "mere hope" that it will turn up favorable evidence. Thus, his motion (Doc. 140) is denied.

### E. Report and Recommendation as to Challenge the Grand Jury Proceedings (Docket 141)

Riese states "[g]iven the fact that the government and it's [sic] agents committed perjury and mislead the grand jury to believe there was an actual victim that was a minor in Count 2 & 3 of indictment. If not for the perjury and misleading of the Grand jury to believe their [] falsified facts of a minor being the victim to the crimes that re alleged. Its [sic] possible that Count 2 and Count 3 were never indicted and possible all four (4) counts could never have been indicted. This is a violation of [his] 5th Amendment and 9th Amendment and 8th Amendment." (Doc. 141). Reise also asserts his rights were violated "by a correctional officer named Leon Bettelyoun sexually assaulting [him] in [his] cell." Id.[3] The United States argues Riese "has failed to demonstrate any facts which would call into question the validity of the grand jury proceedings in his case." (Doc. 159, p. 2).

The appropriate avenue for pursuing claims regarding statutory rules governing grand juries is under FRCP 52(a). See Bank of Nova Scotia v. United

---

[3] This claim needs to be brought in a separate action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents 403 U.S. 388 (1971).

States, 487 U.S. 250, 254-55 (1988); United States v. Williams, 504 U.S. 36, 46, n.6 (1992) (explaining that Bank of Nova Scotia "makes clear that the [FRCP 52(a)] supervisory power can be used to dismiss an indictment because of misconduct before the grand jury").  There is no statutory rule proscribing a standard of evidence for grand jury proceedings and the Supreme Court has rejected the judicial creation of such a rule.  See Williams, 504 U.S. at 46-47, Kaley v. United States, 571 U.S. 320, 328-29 (2014) ("The grand jury gets to say-without any review, oversight, or second-guessing-whether probable cause exists to think that a person committed a crime.").

"The proceedings of a grand jury are afforded a strong presumption of regularity, and a defendant faces a heavy burden to overcome that presumption when seeking dismissal of an indictment."  United States v. Exson, 328 F.3d 456, 459 (8th Cir.2003) (citation omitted).  "Mere '[s]peculation and surmise as to what occurred before the grand jury are not sufficient to overcome this presumption' of regularity."  United States v. Scott, 624 F.Supp.2d 279, 291 (S.D.N.Y.2008) (citation omitted).  "Dismissal due to errors in grand jury proceedings is appropriate only if the defendant shows actual prejudice."  Exson, 328 F.3d at 459 (citing United States v. Kouba, 822 F.2d 768, 774 (8th Cir.1987)).

Riese failed to make a sufficient showing to call into question the validity of the grand jury proceeding nor has he shown actual prejudice; therefore, it is respectfully recommended that his motion (Doc. 141) be denied.

10

### F. Report and Recommendation as to the Grand Jury's Selection and Qualifications (Dockets 143 and 144)

Riese "[r]espectfully request[s] to challenge the grand jury on the grounds that it was not lawfully drawn, summoned, or selected." (Doc. 143). Riese "is also challenging all jurors for the legal qualifications under Rule 6(b)(1)." Id.; Doc. 144.[4] The United States argues Riese's motion "must be dismissed" because he "failed to establish any facts which would call into question the validity of the grand jury proceedings or the qualifications of the individual grand jurors." (Doc. 161, p. 3).

FRCP 6(b)(1) states "a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified." FRCP 6(e)(3)(E)(ii) provides that disclosure of Grand Jury materials may be had "when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the Grand Jury." The Eighth Circuit has expressed the balance between the policy of secrecy, which is to be afforded Grand Jury proceedings, and the limited exceptions where disclosure may be made if the party moving for disclosure establishes a "particularized need." United States v. Sileven, 985 F.2d 962, 965 (8th Cir. 1993).

---

[4] In Docket 144, Riese again requests that the court dismiss his Indictment based on the grand jury's lack of legal qualifications. (Doc. 144).

Presumably, the relief Riese seeks under FRCP 6 is dismissal of the superseding indictment.  FRCP 6(b)(2) explains that a motion to dismiss an indictment based on his objection to the grand jury or an individual juror's legal qualification is governed by 28 U.S.C. § 1867(e).

28 U.S.C. § 1867(e) permits a criminal defendant to challenge a grand "jury on the ground that such jury was not selected in conformity with the provisions of" United States Code Title 28.  In order to invoke 28 U.S.C. § 1867, the defendant must provide "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title."  28 U.S.C. § 1867(d). The procedures prescribed by 28 U.S.C. § 1867 "shall be the exclusive means by which a person accused of a Federal crime . . . may challenge any jury on the ground that such jury was not selected in conformity with the provisions of" Title 28.

Riese has failed to comply with this threshold procedural requirement under § 1867 that he show through a sworn statement of facts that there was a substantial failure to comply with the procedures for selecting a grand jury; therefore, he is not "entitled to present in support of [his] motion the testimony of the jury commission or clerk," or "any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence."  See United States v. Willis, 2022 WL 6722705 (E.D.M.O. Oct. 11, 2022).

Riese did not even attempted to establish a "particularized need" for disclosure of grand jury proceedings.  Rather, Riese baldly asserts he is

"[r]espectfully request[ing] to challenge the grand jury on the grounds that it was not lawfully drawn, summoned, or selected" and "is also challenging all jurors for the legal qualifications under Rule 6(b)(1)." (Docs. 143, 144). "Grand jury proceedings are 'afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden.'" United States v. Carroll, 2022 WL 378215 at *2 (E.D. Mo. Jan. 4, 2022) (quoting United States v. Wadlington, 233 F.3d 1067, 1073 (8th Cir. 2000)). Riese has fallen far short of his heavy burden; thus his motions (Docs. 143, 144) should be denied.

### NOTICE OF RIGHTS TO APPEAL REGARDING ORDERS ON DOCKETS 136, 137, and 138

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

### NOTICE TO PARTIES REGARDING REPORTS AND RECOMMENDATIONS AT DOCKET 135, 141, 143, and 144

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely

objections will result in the waiver of the right to appeal questions of fact.

Objections must be timely and specific in order to require *de novo* review by the

District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black,

781 F.2d 665 (8th Cir. 1986).

DATED this 23rd day of May, 2024.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge

14