UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HENRY RIESE,<br><br>Defendant. | 5:22-CR-50136-KES<br><br><br>ORDER DENYING MOTION<br>FOR RECUSAL (DOC. 178) |

Defendant, William Henry Riese, filed a motion for recusal of the undersigned judge. (Doc. 178).

A court should recuse from a matter if its "impartiality might reasonably be questioned." 28 U.S.C. § 455. The Court should recuse if it is shown that the Court has a personal bias or prejudice arising from an extrajudicial source. See Liteky v. United States, 510 U.S. 540, 551 (1994) (extrajudicial source is not the only basis for establishing disqualifying bias or prejudice but is the most common basis). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion for disqualification. Id. at 555. "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." United States v. May, 70 F.4th 1064, 1073 (8th Cir. 2023).

The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. "In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case." In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988); see also, United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004). A judge must recuse herself if her "impartiality might reasonably be questioned," but she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C., 153 F.3d 520, 523 (8th Cir. 1998). Opinions formed by the judge on the basis of facts introduced or events occurring in the course of any proceeding do not constitute a basis for recusal unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555 (1994).

The fact that Riese has been critical of the undersigned judge does not mandate recusal. The Eighth Circuit had held that a litigant's writings criticizing or personally attacking a judge do not necessarily require recusal. See Akins v. Knight, 863 F.3d 1084, 1087 (8th Cir. 2017). Mandating recusal "any time a litigant has been critical of a judge would create perverse incentives

and enable judge shopping." Id.; see Rodgers v. Knight, 781 F.3d 932, 943 (8th Cir. 2015) (holding that the fact that a party's counsel previously filed a judicial complaint against the judge in previous, unrelated litigation is "insufficient to establish that the judge's impartiality in this matter might be reasonably questioned."); Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (recognizing that recusal is not warranted because the movant has sued or threatened to sue the judge). Riese has not met his burden of proving the undersigned judge's impartiality might reasonably be questioned.

The undersigned has handled Riese's issues and complaints in accordance with the law. There is no basis for concluding my "impartiality might reasonably be questioned." Southwestern Bell, 153 F.3d at 523. Rather, I am obligated not to recuse myself because there is no valid reason for doing so. Id. Accordingly, it is ordered that Riese's motion to recuse (Doc. 178) is denied.

DATED this 26th day of June, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge