UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM HENRY RIESE,<br><br>　　　　　Defendant. | 5:22-CR-50136<br><br>ORDER REGARDING STANDBY COUNSEL AND DEFENDANT'S PRO SE STATUS |

At an *ex parte* hearing held on June 5, 2024, the court granted John Murphy's motion to withdraw as stand by counsel. The court orally appointed Assistant Federal Public Defender Jennifer Albertson as replacement counsel. On June 7, 2024, Riese wrote to the court stating that a conflict of interest may exist with Ms. Albertson because, "Judge Viken has already ruled on Jenn Alberston for my motion and appeal of ineffective counsel." (Doc. 173, p. 1). Despite this objection, Riese asks the court to allow him to utilize Ms. Alberston as a "part investigator part lawyer," and that Ms. Albertson be allowed to bring and review discovery with Riese at the jail and answer his questions. Id. at pp 1-2.

Riese also states that he will be filing a motion for a continuance and "ineffective counsel of myself until [I] can get the courts order for the proper mental health help that [I'm] seeking and have been seeking." Id. at p. 2.

1

Thereafter, Riese filed a motion to subpoena his mental health records from various institutions. The court will address Riese's motion regarding mental health in a separate order filed on this same date.

### A. Procedural and Factual Background

Riese was charged in a criminal complaint on August 11, 2022. He made his initial appearance the following day along with his appointed counsel, Assistant Federal Public Defender Jennifer Albertson. Riese was detained following a detention hearing. On August 18, 2022, Riese was indicted with Enticement of a Minor Using the Internet in violation of 18 U.S.C. §2422(b).

On September 9, 2022, Riese wrote an *ex parte* letter to the court asking that all charges be dismissed because there was no actual minor victim involved. (Doc. 19). Riese's charges arise from an undercover law enforcement operation where officers posed as minor victims. (Doc. 1-1). Riese also requested a "speedy trial date [be] set with no continuances by the Prosicution [sic] in this case." (Doc. 19).

Apparently, Ms. Albertson arranged for a competency evaluation which occurred on September 21, 2022, because Riese objected to the results being allowed into court. (Doc. 21). Riese wrote an *ex parte* letter to the court shortly thereafter, complaining that the evaluation involved questions about the charges and not about his "well being [and] state of mind going into trial." Id. Riese further asserted, "I, William Henry Riese . . . am mentally sound to proceed." Id.

After a couple of continuances, trial was set for January 3, 2023. A Superseding Indictment was filed on November 17, 2022, charging Riese with Attempted Sexual Exploitation of a Minor in violation of 18 U.S.C. 2251(a) and (e), Attempted Enticement of a Minor Using the Internet in violation of 18 U.S.C. 2422(b), Attempted Receipt of Child Pornography in violation of 18 U.S.C. 2252A(a)(2)(A), and Attempted Transfer of Obscene Material to a Minor in violation of 18 U.S.C. 1470.

A pretrial conference was held on Friday, December 16, 2022. During the pretrial conference, while Riese was present, the court and counsel discussed jury selection procedures, expert witness issues, and motions *in limine*. After a discussion on the government's sixth motion *in limine* wherein the government sought notice of an entrapment defense, Ms. Albertson advised the court that she did not intent to seek an entrapment defense. An apparent disagreement between Riese and Ms. Albertson arose and Ms. Albertson made a record on Riese's behalf advising the court that Riese believed entrapment was his defense, but she could not raise the defense in good faith. (FTR December 16, 2022, at 1:53:35 Rapid City Courtroom 1). A private discussion occurred between Ms. Albertson and Riese; thereafter Riese made an oral motion for new counsel. Id. at 1:56:00. Riese was informed by the district court that the undersigned magistrate judge would handle the motion at a later date. Despite the motion for new counsel, the court addressed the remaining issues of the pretrial conference, including Rule 609 evidence and jury instructions.

### 1. Riese's dissatisfaction with Attorney Albertson

A hearing on the *ex parte* motion for replacement counsel was held the following business day by the undersigned magistrate judge. (FTR December 19, 2022, at 1:29:30 Rapid City Courtroom 2). When asked why Riese wanted replacement counsel he initially offered vague explanations such as there was a "complete lack of communication," he was "not comfortable with how things panned out," and he was "not comfortable," and that he "didn't want to be pushed into trial without having things answered." Id. The court asked Riese for specific examples of things that Ms. Albertson did or did not do that he felt was improper. Id. at 1:32:53. Riese stated, "I can't explain how exactly I feel. But I will refuse to work with her. I just can't. . . I've made it known a few times, hey, that this is kind of what I feel . . . I want and it's not happening."

Ms. Albertson discussed logistical things such as jail policy and the fact that Riese was being held in administrative segregation which made it difficult for her to spend much time with him. She discussed the fact that when she went to the jail to initially meet with Riese, he refused to speak with her. Id. at 1:36:38. Ms. Albertson also advised the court that Riese refused to work with their office investigator, Mr. Baloun, who was tasked to review discovery with Riese. Ms. Albertson suggested that Riese's motion for new counsel was based, in part, due to her decision to not raise an entrapment defense. She also opined that Riese is uncomfortable with her because he does not like the answers she had given to him.

When the Court asked Riese why he would not meet with FPD Investigator Baloun, Riese's only explanation was, "he's not my attorney." Id. at 1:37:56. Riese informed the Court, "I refuse to work with her and her office." Id. at 1:38:58. While the court was issuing its ruling, finding that Riese had failed to show a justifiable dissatisfaction with Ms. Albertson and any breakdown in communication was due to Riese's unwillingness to work Ms. Albertson and her office, Riese became agitated and stated, "So what I want in my trial doesn't matter? This is my fucking trial. And if she doesn't want to do it . . . then, yes, that is completely. I refuse to work with her." Id. at 1:47:35. The Court warned Riese that he may forfeit his Sixth Amendment right to counsel if he is unwilling to work with his attorney.

Two days later, on December 21, 2022, Ms. Albertson filed a motion for a sixty day continuance at the request of Riese. (Doc. 46). The district court denied the motion. (Doc. 47). Riese appealed the denial of his motion for replacement counsel to the district court judge. (Doc. 50). Without holding a hearing, the district court entered the following *ex parte* text order: "TEXT ORDER denying 50 Ex Parte CJA Motion as to William Henry Riese (1); granting 50 Ex Parte Motion as to William Henry Riese (1). U.S. Magistrate Judge Wollmann shall appoint a new CJA panel attorney to represent William Henry Riese." (Doc. 51). No further reasoning was given. Contrary to Riese's assertion in his recent letter (Doc. 173) stating that, "there's a good chance of conflict of interest in giving me a lawyer that Chief Judge Viken has already

5

ruled on Jenn Albertson for my motion and appeal of ineffective counsel"; the record establishes that no such finding was made by Judge Viken.

### 2. Riese's dissatisfaction with Attorney Fransen

Replacement counsel CJA panel attorney Jeffrey Fransen was appointed on December 30, 2022, and the trial was continued.[1] A series of motions to continue were filed until a new scheduling order on December 22, 2023, set a trial date for January 29, 2024.

On January 5, 2024, just over a year after Mr. Fransen was appointed to represent Riese, Mr. Fransen filed a motion to withdraw as counsel stating that he had made numerous attempts to communicate either via telephone or in person to advise Riese of the status of case, re-review discovery, and prepare for trial. Mr. Fransen's attempts to communicate with Riese have been unsuccessful. It was Mr. Fransen's hope and belief that those unsuccessful efforts of communication were temporary and would eventually be cured. (Doc. 77). Riese filed a motion for replacement counsel stating that Mr. Fransen had not made any effort to review discovery with him. (Doc. 78).

The undersigned magistrate judge held an *ex parte* hearing on January 11, 2024, to address the motions. During the hearing, Mr. Fransen informed the court that Riese refused to meet with him and take numerous scheduled

---

[1] The court notes that during this time period, Riese filed several *ex parte* letters asserting various legal theories as to why his charges should be dismissed. See Docs. 49, 55 and 56.

phone calls.[2] Riese acknowledged that he refused to meet with Mr. Fransen and explained that he was upset with Mr. Fransen because he believed Mr. Fransen played a role in Riese being housed at the Winner County Jail, instead of the Pennington County Jail.  Riese also attributed his refusal to meet with Mr. Fransen to the mental health issues that he was going through.  The court noted that Riese's attitude and actions toward Mr. Fransen was similar to his prior actions with Ms. Albertson.  Initially, the court denied Riese's motion for replacement counsel finding that Riese's actions in failing to meet with his attorney and requesting replacement counsel shortly before the onset of trial constituted obstructionist behavior and Riese failed to establish a justifiable dissatisfaction which would merit appointing replacement counsel.  (FTC 1:46:50).  Mr. Fransen interjected that there existed an irreparable breakdown of communication between Mr. Fransen and Riese because Mr. Fransen was offended that Riese accused him of lying.

     Despite Riese's failure to prove that replacement counsel was merited, the court granted the motions and appointed CJA panel attorney John R. Murphy as replacement counsel.  During the January 11, 2024, *ex parte* hearing with Riese and Mr. Fransen, the undersigned magistrate judge again cautioned Riese that if he continued to engage in the same pattern of conduct, he was in danger of forfeiting his Sixth Amendment right to court appointed

---

[2] The court notes that during this time period (Nov/Dec 2023) Riese was housed at the Winner County Jail which is an approximately a 500 mile round trip for his attorney.

7

counsel. Specifically, Riese was warned that if he refused to meet with his attorney, the court would not appoint another replacement counsel.

### 3. Riese's dissatisfaction with Attorney Murphy

On January 16, 2024, Mr. Murphy was appointed to represent Riese, and trial was set for April 22, 2024. On March 26, 2024, Mr. Murphy filed proposed jury instruction, motions *in limine*, and a motion for early access to the jury lists. On April 1, 2024, Mr. Murphy filed a pleading entitled, "Notice of Client Request," which informed the court that, "on April 1, 2024, during a pre-scheduled visit at the Pennington County Jail, Mr. Riese advised him that he would no longer communicate with counsel and that he wanted counsel to withdraw from his case." (Doc. 89). The court immediately scheduled a hearing at which time Riese made an oral motion to proceed *pro se*. The court conducted a *Faretta* hearing and entered an order granting the motion to proceed *pro se* and appointed Mr. Murphy, as stand-by counsel.

During the hearing, the court noted Riese' history of refusing to meet with his prior attorneys and requesting replacement counsel shortly before the onset of trial. Mr. Murphy set forth his extensive legal experience, the work he conducted on Riese's case, and his willingness to continue to represent Riese. The court cautioned Riese that if he further engaged in obstructionist behavior, he could possibly forfeit his right to represent himself and the court could reinstate Mr. Murphy as full counsel to represent Riese.

### 4. Riese's objection to Attorney Murphy as stand-by counsel and the reappointment of FPD Jennifer Albertson

Riese filed several pleadings objecting to Mr. Murphy serving as stand-by counsel; the court has overruled those objections. See Docs. 97, 101, 104, 109, 156, and 168. On June 4, 2024, Mr. Murphy filed an *ex parte* motion to withdraw as standby counsel. Mr. Murphy advised the court that upon meeting with Riese at the jail, "Mr. Riese came in to the interview room, yelled at him for approximately 10-15 seconds, spit in Murphy's face, then ran out of the room." (Doc. 170). During an *ex parte* hearing held the same day, the court made it clear to Riese that his actions constituted obstructionist behavior. The court noted that given Riese's pattern of past conduct, the court was concerned that Riese may disregard court orders and proper courtroom decorum during his jury trial which would require that he be removed from the courtroom. Given this concern, the court reappointed Assistant Federal Public Defender Jennifer Albertson solely for the purposes of stepping in at trial if Riese forfeits his ability to represent himself by failing to observe proper courtroom decorum and follow the trial court's orders. As noted above, Ms. Albertson was not removed from Riese's cases for any deficiency on her part, as per the findings of the undersigned magistrate judge. On the contrary, Ms. Albertson was prepared to proceed to trial and previously completed Riese's pretrial conference.

### 5. Pending competency issues

On this same date, the court has entered an order for a competency evaluation. In the event Riese is found to not be competent, the court will appoint Ms. Albertson as Riese's full legal counsel. If Riese is found to be competent, Ms. Albertson is to continue in her current role as standby counsel as Riese will represent himself at trial.

### B. Requirements of Ms. Albertson, the United States Attorneys Office, the Clerk of Courts, and the United States Marshal Service

Riese requested that "Ms. Albertson . . . bring and review my discovery with me and answer my questions. It also allows me to show her what type of defense and how I plan to prepare my trial. Given if something out of the norm happens and she has to do my trial then she at least knows what direction [I]'m pushing my case in." The court will not impose these requirements upon Ms. Albertson. The court will not require another lawyer to potentially be exposed to violence from Riese, in light of his previous egregious behavior. Furthermore, the court notes that in the event Ms. Albertson is forced to step in and try the case, she is not required to try the case in a manner as directed by Riese. However, if Ms. Albertson is agreeable to meeting with Riese and providing discovery to him, she may do so, if she chooses.

The court directs the United States Marshals service to provide Riese with access to his discovery[3] as ordered below.

---

[3] The court notes that discovery in this case is not overly burdensome. The most extensive discovery materials consist of his Facebook records. In April 2024, the court authorized Riese to possess these records at the jail facility.

10

NOW THEREFORE, IT IS ORDERED, that the United States Attorney's Office shall promptly and at the earliest date possible provide discovery to Ms. Albertson;

IT IS FURTHER ORDERED, that the United States Attorney's Office shall promptly and at the earliest date possible prepare a laptop without internet capability which contains the defendant's discovery materials.  The United States shall maintain custody of the discovery laptop, excepting only when checked out by the United States Marshal Service to provide to Riese for review;

IT IS FURTHER ORDERED that the Clerk's Office prepare a binder consisting of the docketing sheet and copies of all documents filed in this case to date.  The Clerk shall deliver the binder of document to Riese at a time arranged by the United States Marshal Service at the Andrew W. Bogue Federal Courthouse, 515 Ninth Street, Rapid City, SD 57701.  Thereafter, the Clerk shall send directly to Riese copies of all public documents filed in this case, and all *ex parte* documents filed by Riese and his standby counsel.  The clerk of Court shall deliver a copy of this order to the United States Marshal Service.

IT IS FUTHER ORDERED that United States Marshal Service shall make arrangements for Riese receive the binder of pleadings as discussed in the above paragraph from the Clerk of Courts at the Andrew W. Bogue Federal Courthouse, 515 Ninth Street, Rapid City, SD.

IT IS FURTHER ORDERED that the United States Marshal Service shall make arrangements for Riese to review his discovery at the facility where Riese

is incarcerated, or at the Andrew W. Bogue Federal Courthouse, 515 Ninth Street, Rapid City, SD 57701.  However, the Marshal Service is not required to provide discovery to Riese during the time period he is housed at the Bureau of Prisons for his competency evaluation.  The Marshal is directed to maintain a record of time periods where discovery is available to Riese and provide a report to the court of the same.   Accordingly, Riese's motion to review discovery (Doc. 179) is granted.

DATED this 26th day of June, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge