UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM RIESE,<br><br>Defendant. | 5:22-CR-50136-KES<br><br><br>ORDER DENYING DEFENDANT'S MOTIONS |

Defendant, William Riese, moves (1) for his stand-by counsel to be removed from his case, (2) for counsel to be appointed to assist in his appeal from the Magistrate Judge's decision, and (3) to appeal from the Magistrate Judge's decision on his Motion for Discovery (Docket 245). Docket 256. The court will address each of Riese's motions in turn.

I. **Motion to Remove Standby Counsel**

Riese moves to have his standby counsel Jennifer Albertson removed from his case. Docket 256 at 1. The court has already addressed Riese's desire for the court to remove or replace Ms. Albertson. *See* Docket 228 (denying Riese's motion). But in the interest of clarity, the court notes that while criminal defendants have the right to waive the assistance of counsel and manage their own defense, the court maintains discretion to appoint standby counsel to assist a defendant who decides to proceed pro se. *United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992). Because there is no constitutional

1

right to standby counsel, "the role of standby counsel falls within the discretion of the district court." *United States v. Lemicy*, 122 F.4th 298, 306 (8th Cir. 2024). Thus, "[i]t necessarily follows that a defendant does not have a right to standby counsel of his own choosing." *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996)).

"Where a district court has elected to appoint standby counsel, the defendant will be able to compel the attorney's dismissal only by meeting the criteria applicable to the discharge of a lawyer fully representing the accused." *Id.* Here, Riese has failed to provide a meaningful reason to remove Ms. Albertson from his case. *See* Docket 256. Riese merely points to the fact that Ms. Albertson previously served as his full-fledged attorney and Judge Viken granted Riese's motion for new counsel to replace Ms. Albertson. *See id.*; Docket 51 (Judge Viken's text order stating the magistrate judge shall appoint new counsel). Courts have required a defendant who decided to proceed pro se to do so with their former counsel acting as standby counsel. *See Webster*, 84 F.3d at 1063. Thus, the court does not find the fact that the court granted Riese's motion to remove Ms. Albertson previously as a compelling reason to remove her as standby counsel, particularly in light of the strained relationships that Riese has had with a number of other attorneys that have worked on his case. *See* Docket 228 (discussing Riese's relationships with previous counsel); *see also Swinney*, 970 F.2d at 499 (upholding a district court's decision to deny a motion for new standby counsel where the district court had determined that the antagonistic relationship between the defendant

2

and his standby counsel was not unusual in light of the abrasiveness and hostility the defendant had exhibited towards his previous attorneys).

## II. Motion for Appointment of Counsel for Appeal of Magistrate Judge's Decision

Riese also moves the court to appoint counsel to assist him in appealing the Magistrate Judge's decision to deny his Motion for Discovery. Docket 256. "[A] district court is vested with the authority to require a 'defendant to choose either to proceed *pro se*, with or without the help of standby counsel, or to utilize the full assistance of counsel.'" *Lemicy*, 122 F.4th at 305–06 (quoting *Swinney*, 970 F.2d at 498). Here, Riese made a motion to represent himself, and after a *Faretta* hearing in which the court explained the dangers of proceeding pro se to ensure Riese understood the gravity of the decision, the court granted Riese's motion. Docket 92.

Riese made the decision to represent himself, and although the court appointed standby counsel to provide some assistance, "[t]here is no constitutional right to hybrid representation." *United States v. Einfeldt*, 138 F.3d 373, 378 (8th Cir. 1998); *see also Lemicy*, 122 F.4th at 306 (stating that the district court acted within its discretion in not allowing a pro se defendant to act as "co-counsel" with his standby counsel). "A defendant does not have a constitutional right to choreograph special appearances by counsel." *Einfeldt*, 138 F.3d at 378 (quoting *McKaskle v. Wiggins,* 465 U.S. 168, 183 (1984)). Riese must either represent himself or proceed with the assistance of counsel in all matters. Riese cannot pick and choose instances in which he will be

3

represented by counsel or be representing himself pro se. Thus, so long as Riese still desires to proceed pro se, his motion for counsel to assist in his appeal of the Magistrate Judge's decision is denied.

### III. Appeal of the Magistrate Judge's Decision

On December 3, 2024, Riese moved for any data in the government's possession that was collected from his cell phone. Docket 229. Magistrate Judge Wollmann held a hearing on the matter on December 13, 2024. Docket 244. At the hearing, Magistrate Judge Wollmann noted that Riese had previously made a similar motion in April 2024, but after a hearing on the issue, the motion was denied because the government had not been able to access any data from the phone because it was password protected.

Relevant here, Riese supplied the court with an extraction report that was delivered to him pursuant to the court's order that he be given data collected from his Facebook account. *See* Docket 248. The government explained that document concerned a Cellebrite extraction report that was obtained pursuant to a warrant for Riese's Facebook account, not his cell phone.

The government stated that it believed Riese was conflating a Cellebrite extraction from a Facebook warrant with a Cellebrite extraction from his cell phone, which the government was unable to obtain the latter because the phone remains password protected. The government stated that the Facebook data did not come from the cell phone.

The court asked Riese if he had any evidence to support his theory that the government had obtained data from his cell phone. Riese could only point to the Cellebrite extraction report of his Facebook account. Essentially, he argued that the presence of a Cellebrite extraction itself indicated the existence of extraction of data from his cell phone.

The government explained that Cellebrite is a processing tool used to organize data, and the pages Riese was referring to stemmed from a Cellebrite report of his Facebook account. And the reason that the report looked different from other data collected from his Facebook account was because it was an organized compilation of relevant messages, but all of the data was obtained via a Facebook warrant.

In short, both the court and the government explained that Cellebrite is a forensic tool that was simply used by the government rather than a third party access to Riese's Facebook data. Riese argued that he simply could not believe that the government could not obtain access to his cell phone. The government explained that it tried to use a different data tool—Graykey—to obtain the cell phone data, but it was unsuccessful.

Ultimately, Magistrate Judge Wollmann found that the record clearly showed that the government did not have any data from Riese's cell phone because it could not be accessed. She stated that the Cellebrite report relied

upon by Riese plainly stated it was an extraction from his Facebook account, not a cell phone. Thus, she denied Riese's motion for discovery.[1]

Now, Riese appeals the Magistrate Judge's decision, arguing he should have access to the Cellebrite data collected from his cell phone. Docket 256. He argues that the images contained in the Cellebrite report (Docket 248) were not sent via Facebook, seemingly implying that the messages either come from an alternative source or were fabricated. Docket 256. Riese provides no evidence to support his conclusory argument that the government is withholding evidence. At the hearing, it was clearly established that the government has not been able to obtain any information from Riese's cell phone. Thus, the court denies Riese's appeal.

## CONCLUSION

Based on the foregoing, it is

ORDERED that

(1) Riese's motion for his stand-by counsel to be removed from his case is DENIED;

(2) Riese's motion for counsel to be appointed to assist in his appeal from the Magistrate Judge's decision is DENIED;

---

[1] Also, during the course of the hearing the court asked Riese if the report should be docketed as a sealed exhibit. Riese stated that he did not understand why it would be sealed when other case materials were not. As such, he asked the court not to seal the document. The court explained that because the report contained explicit images, it should be sealed. *See* Docket 248. In his appeal, Riese highlights that he requested the documents remain unsealed, but he offers no argument as to why. Thus, because the documents contain explicit images, the court finds that they were properly sealed.

(3) Riese's appeal from the Magistrate Judge's decision is DENIED. And the decision of the Magistrate Judge is AFFIRMED (Docket 256).

Dated December 30, 2024.

                                  BY THE COURT:

                                  /s/ *Karen E. Schreier*
                                  KAREN E. SCHREIER
                                  UNITED STATES DISTRICT JUDGE