UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>WILLIAM RIESE,<br><br>      Defendant. | 5:22-CR-50136-KES<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 2 & 3 OF THE SUPERSEDING INDICTMENT |

  Defendant, William Riese, moves to dismiss counts 2 and 3 of the Superseding Indictment, arguing that prosecution of the charges is prohibited under the Double Jeopardy Clause and that counts 2 and 3 were brought with vindictive intent. Docket 236 at 1-2. Riese also challenges the "legal qualifications" of the grand jury and asks that Assistant United States Attorney Heather Knox be removed from the case. *Id.* at 2-3. The government opposes the motions. Docket 241. The court issues the following order.

**I. Double Jeopardy**

  Riese argues that the government "overcharge[ed] and mischarge[ed]" him when it included counts 2 and 3 in the Superseding Indictment. Docket 236 at 2. He asserts that the charges were added in order to intimidate him and confuse the grand jury by "water[ing] down" the offense charged in count 1. *Id.* Riese asserts that counts 2 and 3 "fit under" the same offense charged in

count 1. *Id.* The government asserts that the offenses are distinct, and thus do not offend Double Jeopardy. *See* Docket 241 at 1-6.

"The Double Jeopardy Clause of the Constitution protects against multiple punishments for the same offense." *United States v. Plume*, 110 F.4th 1130, 1135 (8th Cir. 2024) (citation omitted). An indictment violates this principle when it is "multiplicitous," meaning it charges multiple offenses that "are in law and fact the same offense." *United States v. Two Elk*, 536 F.3d 890, 898 (8th Cir. 2008); *see also United States v. Benton*, 890 F.3d 697, 713 (8th Cir. 2018).

Where, as here, each offense charges a violation of a different statute, courts apply the test derived from *Blockburger v. United States* to determine whether charges are multiplicitous. *Benton*, 890 F.3d at 713; *see also* Docket 36 (showing the charges in Riese's Superseding Indictment each rely on unique statutory authority). "Under the so-called '*Blockburger* test,' 'a double jeopardy challenge necessarily fails' if 'each offense requires proof of an element not required by the other[.]' " *Plume*, 110 F.4th at 1135 (quoting *United States v. Sandstrom*, 594 F.3d 634, 654 (8th Cir. 2010)).

Here, count 1 charges Riese with Attempted Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e). Docket 36 at 1-2. Count 1 requires proof of four elements:

> (1) that the defendant believed during the time period alleged in the indictment that the [minor] . . . was under the age of eighteen; (2) that the defendant attempted to use, persuade, induce, entice, or coerce that child to engage in sexually explicit conduct. . .; (3) that the defendant voluntarily and intentionally engaged in this

> behavior for the purpose of producing a visual depiction of such conduct; and (4) that the materials used to attempt to produce the visual depiction were mailed, shipped, or transported, including by computer, in interstate or foreign commerce.

*United States v. Pierson*, 544 F.3d 933, 938 (8th Cir. 2008); *see also* 8th Cir. MJI § 6.18.2251(A) n.1.

Count 2 charges Riese with Attempted Enticement of a Minor Using the Internet, in violation of 18 U.S.C. § 2422(b). Docket 36 at 2. Count 2 requires proof of three elements: (1) the defendant knowingly attempted to use a facility or means of interstate commerce, that is, a cell phone, to persuade, induce, entice, or coerce an individual under the age of 18 to engage in sexual activity; (2) the defendant believed the individual was less than 18 years of age; and (3) that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of South Dakota. *See United States v. Hicks*, 457 F.3d 838, 839-41 (8th Cir. 2006); 8th Cir. MJI § 6.18.2422B.

Count 3 of the Superseding Indictment charges Riese with Attempted Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Docket 36 at 2. Count 3 requires proof of three elements: (1) the defendant knowingly attempted to receive images that contained visual depictions of child pornography; (2) the defendant knew the visual depictions were of a minor engaging in sexually explicit conduct; and (3) the images containing the visual depictions had been transported, including by computer, in interstate or foreign commerce. *United States v. Bauer*, 626 F.3d 1004, 1008 (8th Cir. 2010); 8th Cir. MJI § 6.18.2252.

After an examination of the charges articulated in counts 1, 2, and 3, it is clear that each count demands proof of an element not required by the others. *See Plume*, 110 F.4th at 1135. For example, count 1 requires proof that the defendant acted with the intention of causing a minor to engage in sexually explicit conduct to create visual depictions of such conduct. *Pierson*, 544 F.3d 933, 938. The other counts do not call for proof of such production of visual depictions. Similarly, count 2 necessitates proof that the defendant attempted to induce, entice, or coerce an individual he believed to be under 18 years old to engage in sexual activity for which the defendant could have been charged with a criminal offense. *Hicks*, 457 F.3d at 839-41. The other counts do not require proof that the defendant could have been charged with a criminal offense if the sought sexual activity had occurred. Finally, count 3 demands proof that the defendant knowingly attempted to receive images of child pornography. *Bauer*, 626 F.3d at 1007-08. Neither of the other counts have such a requirement.

Although the evidence presented at trial may satisfy multiple elements or different elements from separate offenses, the *Blockburger* Double Jeopardy "test focuses on the statutory elements of the offenses, rather than the evidence presented at trial." *Sandstrom*, 594 F.3d at 654 (citation omitted). And here, because the unique counts each require proof of at least one statutory element that the others do not, Riese's Double Jeopardy "challenge necessarily fails." *Plume*, 110 F.4th at 1135 (citation omitted).

## II.     Vindictive Prosecution

Next, Riese asserts that the government used vindictive tactics in adding counts 2 and 3. Docket 236 at 2. Initially, in August of 2022, Riese was charged in a criminal complaint with only a single count—Attempted Enticement of a Minor Using the Internet, in violation of 18 U.S.C. § 2422(b). Docket 1. Roughly a week later, Riese was indicted on three counts, the same as those discussed above. Docket 14. Three months later, in November of 2022, a Superseding Indictment was filed against Riese. Docket 36. The Superseding Indictment mirrors the original indictment, but added a fourth count, which charges Riese with Attempted Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470. Riese claims that counts 2 and 3 of the Superseding Indictment "should've never been brought" and that "the prosecution acted in a vindictive manner" in "overcharging" him. Docket 236 at 2-3.

"Vindictive prosecution occurs when a prosecutor seeks to punish a defendant solely for exercising a valid legal right." *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015). Such prosecution violates a defendant's due process rights. *Id*. In making a claim of vindictive prosecution, the defendant bears the burden of demonstrating that the " 'prosecution was brought in order to punish [him] for the exercise of a legal right,' and . . . the defendant's burden . . . is 'a heavy one.' " *Id*. (quoting *United States v. Leathers,* 354 F.3d 955, 961 (8th Cir. 2004)). "This is because 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by

5

statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion.'" *United States v. Kelley*, 152 F.3d 881, 886 (8th Cir. 1998) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)) (alteration in original); *see also United States v. Partyka*, 561 F.2d 118, 124 (8th Cir. 1977) (stating that prosecutors may generally exercise their "traditional and proper discretion in deciding which of multiple charges against a defendant are to be prosecuted" and exercise of such discretion is not vindictive prosecution). Thus, "[b]ecause a vindictive prosecution claim asks a court to exercise judicial power over a special province of the President and his delegates to enforce the law . . . in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chappell*, 779 F.3d 872, 880 (8th Cir. 2015) (cleaned up and citations omitted).

     A defendant can establish prosecutorial vindictiveness in one of two ways. *Williams*, 793 F.3d at 963. First, a defendant may present "objective evidence" showing the prosecutor had a "vindictive or improper motive in increasing the number or severity of charges." *Id.* (citation omitted). Second, a defendant, in rare instances, may "rely upon a presumption of vindictiveness, if [the defendant] provides sufficient evidence to show a reasonable likelihood of vindictiveness exists." *Id.* (citation omitted). In determining whether the defendant is entitled to presumption of vindictiveness, the court "examine[s] the prosecutor's actions in the context of the entire proceedings." *Id.* (citation omitted).

Here, Riese fails to show prosecutorial vindictiveness under either approach. Riese has not provided any direct evidence that the prosecution added additional counts in the Superseding Indictment "in retaliation for [Riese] exercising [his] constitutional or statutory rights." *United States v. Punelli*, 892 F.2d 1364, 1371 (8th Cir. 1990). Similarly, Riese has failed to point to any evidence supporting a reasonable likelihood of vindictiveness. The government added counts 2 and 3 (as they appear in the original indictment) only a week after initially filing the criminal complaint against him. *See* Docket 1; Docket 14. And the government has not added to or changed the charges against Riese since November 2022, when count 4 was added via the Superseding Indictment. *See* Docket 36. Riese seems to argue that the mere fact that the government increased the number of charges beyond what was stated in the original complaint indicates prosecutorial vindictiveness. *See* Docket 236 at 1-3. But "[w]ithout more, 'adding new charges based on independent acts, even where the separate acts that prompted the new charges occurred in the same spree of activity, does not create a presumption of prosecutorial vindictiveness.'" *Chappell*, 779 F.3d at 881 (quoting *United States v. Kendrick*, 682 F.3d 974, 982 (11th Cir. 2012)).

Instead, "[i]f any objective event or combination of events. . . should indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to deter or punish [the exercise of a right], no presumption of vindictiveness is created." *Id.* (citation omitted); *United States v. Campbell*, 410

7

F.3d 456, 462 (8th Cir. 2005) ("There can be no prosecutorial vindictiveness if the prosecutor revised the charge because of newly discovered evidence or some objective reason other than to punish the defendant for exercising his legal rights."). Here, based on the context of this case and how quickly the additional charges were brought, the court finds that there is no presumption of vindictiveness. Thus, as there is no evidence of improper motive on the part of any of the prosecutors involved in this matter, Riese's vindictive prosecution claim fails. *See Leathers*, 354 F.3d at 963. For the same reason, the court also denies Riese's request that Assistant United States Attorney Heather Knox be removed for this case. *See* Docket 236 at 3.

### III.  **Grand Jury Challenge**

Finally, Riese argues that counts 2 and 3 are improper because of the grand jury's "lack of legal qualifications." *Id*. at 2. Riese asserts that "[i]f the Grand Jury had the proper legal qualifications the Grand Jury would have realized the prosecutor's misconduct in seeking bigger charges with heavier penalties" and "multiple charges that fit under one statute § 2251." *Id*. These claims mirror those that Riese made in pervious motions. *See* Docket 141; Docket 143; Docket 144. The court denied Riese's previous motions and addressed Rises's arguments and concerns about the grand jury procedure and the qualifications of the grand jury. Docket 167 (Magistrate Judge Wollmann's Report and Recommendation); Docket 187 (the court adopting the Report and Recommendation). Because Riese offers no new argument or legal authority to

8

challenge the grand jury, Riese's motion to disqualify the grand jury is denied for the same reasons previously stated in the court's orders.

## CONCLUSION

Based on the foregoing, it is

OREDERED that defendant's motion to dismiss (Docket 236) is DENIED.

Dated January 6, 2025.

                                  BY THE COURT:

                                  /s/ *Karen E. Schreier*
                                  KAREN E. SCHREIER
                                  UNITED STATES DISTRICT JUDGE