UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HENRY RIESE,<br><br>Defendant. | 5:22-CR-50136-KES<br><br>ORDER DENYING MOTION TO QUASH |

Defendant, William Henry Riese, moved this court ex parte pursuant to Federal Rule of Criminal Procedure 17(c) for an order directing the issuance of a subpoena duces tecum directing the Secretary of Homeland Security, Kristi Noem, to provide all cybercrime and cyber tips that were created in compliance with 34 U.S.C. § 30109 that pertain to Riese. Docket 277. The court granted the motion and ordered the production of the documents to Riese's stand-by counsel, Jennifer Albertson. Docket 288. Plaintiff, the United States of America, now moves to quash the subpoena, arguing that Riese's initial motion lacks the proper foundation required by Rule 17(b)-(c). Docket 299.

## DISCUSSION

Federal Rule of Criminal Procedure 17(c) allows for indigent defendants to make an ex parte request to the district court for issuance of a subpoena duces tecum. Fed. R. Civ. P. 17(c); *United States v. Hang*, 75 F.3d 1275, 1282 (8th Cir. 1996). This rule, however, "does not provide a means of discovery from

the government in criminal cases." *United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013). "In order to warrant the issuance of a subpoena duces tecum, a party must show that (1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *Hang*, 75 F.3d at 1282 (cleaned up and citation omitted); *see also United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000). "The relevance and specificity elements require more than the title of a document and conjecture as to its contents, and a subpoena should not issue based upon a party's mere hope that it will turn up favorable evidence." *United States v. Bradford*, 806 F.3d 1151, 1155 (8th Cir. 2015) (cleaned up and citations omitted). If "compliance would be unreasonable or oppressive," the court may quash the subpoena. *United States v. Kalter*, 5 F.3d 1166, 1169 (8th Cir. 1993) (quoting Fed. R. Crim. P. 17(c)).

The United States argues that the subpoena would be unreasonable and oppressive because Kristi Noem was only recently appointed as head of the agency. Docket 299 at 1. But because the United States has not provided any specific information as to why the newness of the role would inhibit or make a response overly burdensome, the court dismisses this argument.

Next, the government argues that the subpoena was not premised on sufficient information. *Id.* First, the United States argues that Riese has failed to make the threshold showing that the sought information is relevant and admissible. *See id.* at 1-5. The court disagrees. During the motions hearing, the court discussed Riese's need for this and other subpoenas. It was clear that

Riese was seeking information regarding cyber tips to establish a potential entrapment defense. Thus, the court finds he has shown the information is relevant. As for admissibility, nothing on the face of this subpoena indicates that any disclosures would not be admissible. And should any admissibility issues arise, the court will address them during trial.

 Second, the government asserts that Riese has not described the documents with enough specificity and is instead seeking to use the subpoena as a discovery tool to "fish" for information. *Id.* at 1-6. Again, the court disagrees. When the court discussed Riese's motions for subpoenas, Riese stated why be believed a cyber tip exists—specifically, Riese's former attorney told Riese that a cyber tip had been made prior to the investigation in this matter and Riese believes information regarding the earlier tip will be relevant to show he was entrapped in this instance. Despite the government's arguments, the court finds that Riese's request for documents are not "overly broad in temporal and factual scope." *See id.* at 7. The court's subpoena orders the disclosure of "all reports of cybercrime and cyber tips that were created in compliance with 34 U.S.C. § 30109 that pertain to William Henry Riese." Docket 288. This disclosure is tailored specifically to Riese and presumably contains very little data, if any, considering that the government claims the materials are "nonexistent." *See* Docket 299 at 7.

 Additionally, the government generally argues that the subpoena should be quashed because it calls for documents that the Secretary of Homeland Security does not have and is not required to create in compliance with 34

3

U.S.C. § 30109. If such documents truly do not exist, the court directs the Secretary of Homeland Security to simply say so in responding to the subpoena.

## CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff's motion to quash (Docket 299) is DENIED.

DATED February 20, 2025.

                          BY THE COURT:

                          /s/ *Karen E. Schreier*
                          KAREN E. SCHREIER
                          UNITED STATES DISTRICT JUDGE